STATE of Tennessee, Petitioner,

v.

James WAYCASTER, Respondent.

Supreme Court of Tennessee.

Nov. 14, 1977.

Robert L. Jolley, Jr., Asst. Atty. Gen., Nashville, for petitioner; Brooks McLemore, Jr., Atty. Gen., Nashville, of counsel.

Larry R. Dillow, Kingsport, for respondent.

OPINION

HARBISON, Justice.

Respondent, James Waycaster, was charged by warrant issued in the General Sessions Court of Sullivan County with violation of T.C.A. § 39–4901, carrying a pistol for the purpose of going armed. After his conviction in the General Sessions Court, he appealed to the Criminal Court where his case was tried before a jury. He was found guilty and fined fifty dollars. In addition the Court imposed a jail sentence, to be suspended upon good behavior. The Court of Criminal Appeals, in a divided decision, reversed and dismissed the charges on the basis of the illegality of the arrest of respondent and inadmissibility of the pistol obtained as an incident to that arrest.

At the trial respondent admitted carrying the pistol, which was fully loaded, and his statements made to the arresting officers afforded ample evidence from which the jury could conclude that the weapon was being carried in violation of the statute. There was no objection to the introduction of the pistol as an exhibit, no suppression hearing requested, and no issue raised as to legality of the arrest or of the subsequent frisking of respondent, during which the pistol was discovered. A motion for a directed verdict made by counsel for respondent at the conclusion of the State's evidence was predicated solely upon insufficiency of proof of intent to go armed.

In his motion for a new trial respondent did assign as error the legality of the arrest and lack of probable cause for the stopping of the vehicle in which he was riding. On appeal to the Court of Criminal Appeals, the assignments made in the motion for a new trial were listed. However, the assignment regarding the arrest was expressly waived, and it was not briefed in the Court of Criminal Appeals. The principal insistence of respondent on appeal, as in the trial court, was insufficiency of the evidence to show an intent to go armed.

Nevertheless, the Court of Criminal Appeals held that respondent's arrest was un-

lawful, that the pistol should not have been admitted in evidence, and that the charges should be dismissed. Apparently it concluded that the trial judge should have himself raised the issue of the legality of the arrest and should have excluded the pistol from evidence on his own motion, without benefit of objection or request for a suppression hearing.

In this regard, we are of the opinion that the Court of Criminal Appeals was in error. For whatever reason, the legality of the arrest and the admissibility of the pistol simply were not developed as issues in the trial record. The defense concentrated upon lack of intent and offered numerous witnesses in support of that contention. We are of the opinion that questions were not sufficiently raised concerning the arrest or the admissibility of evidence to warrant summary reversal and dismissal by an appellate court, sua sponte, particularly in view of the express waiver contained in the appellate brief.

The judgment of the Court of Criminal Appeals is reversed and the judgment of the trial court is reinstated at the cost of respondent. The cause will be remanded to the trial court for entry of any further orders which may be required.

COOPER, C. J., and FONES, HENRY and BROCK, JJ., concur.